IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARTIN BARCENAS BENITEZ                                                    PLAINTIFF

v.                                      Civil No.  5:23-cv-05107

JUDGE BRAD KARREN; PROSECUTOR                                           DEFENDANTS
MATTHEW EGGERT; and ATTORNEY
MATT REID

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Martin B. Benitez, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis* (IFP).  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I. DISCUSSION

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* (IFP) on June 29, 2023, in *Benitez v. Ross, et al.,* Civil No. 5:23-cv-05106.  (ECF Nos. 1 & 2).  In his Complaint, Plaintiff alleged in Claim One that on December 14, 2021, while housed at the Benton County Detention Center, excessive force was used against him by Jailers Ross, Smith, Jordan, Price, and Wolf.  *Id.* at 4.  Specifically, he alleged he was shot with a "c-charge/pep[p]er ball" for no reason. *Id.*  He further alleged the jailers failed to provide him with proper medical care following the use of the spray.  *Id.*   In Claim Two, Plaintiff named Judge Karren, Prosecutor Eggert, and Attorney Reid as Defendants.  Plaintiff alleged he was denied a fair trial by the Court system on December 16, 2021, unfairly sentenced, and unfairly charged a fee for his appointed attorney.  *Id.* at 6.

1

As there was no logical relationship between these claims, pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, the claims against Judge Karren, Prosecutor Eggert, and Attorney Reid were severed and the above-captioned case opened.  Plaintiff was directed to file an Amended Complaint asserting only his claims against these three Defendants.  (ECF No. 3).  The Amended Complaint was due by no later than July 20, 2023.  *Id.*  Plaintiff was provided explicit instructions regarding the filing of an Amended Complaint.  *Id.*  The Clerk provided the Plaintiff with a court-approved § 1983 complaint form to be used in filing the Amended Complaint.  *Id.*

Plaintiff failed to file an Amended Complaint by July 20, 2023.  On July 25, 2023, a Show Cause Order was entered.  (ECF No. 6).  Plaintiff was given until August 15, 2023, to show cause why he failed to obey the Court Order.

The Court notes that on August 2, 2023, Plaintiff filed a change of address, and the Show Cause Order was resent to his new address.  (ECF No. 7).  To date, Plaintiff has not filed his Amended Complaint or responded to the Show Cause Order.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the

action diligently." Plaintiff failed to comply with the Orders of this Court and failed to prosecute this case.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE